**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND SHERMAN, Sr., | No. 09-15669 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01605-GEB-KJM |
| v. | |
| SUZZAN HUBBARD, Director of Corrections; N. GRANNIS, Chief of Inmate Appeals; D. K. SISTO, Warden; E. PRYOR, SAOI(S) CSP Solano; S. CERVANTES, Correctional Counselor II, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 10, 2010 [**]

Before:      HAWKINS, McKEOWN, and IKUTA, Circuit Judges.

Raymond Sherman, a California state prisoner, appeals pro se from the

district court's dismissal of his complaint for failure to state claim.  We have

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's decision to dismiss a complaint for failure to state a claim. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1061 (9th Cir. 2004). We affirm.

Sherman's claim that the defendants prematurely authorized a restitution payment from his prison account does not state a cognizable constitutional claim because he has an adequate remedy under the California Tort Claims Act. *See Zimmerman v. City of Oakland*, 255 F.3d 734, 737-38 (9th Cir. 2001).

Likewise, Sherman's arguments about the inadequacies of the prison appeals process do not state a cognizable constitutional claim because Sherman does not have a constitutional right to a particular grievance process. *See Ramirez v. Galazza*, 334 F.3d 850, 860 (9th Cir. 2003).

We have considered and are not persuaded by Sherman's remaining contentions.

**AFFIRMED.**